MARCELLUS S. DEATS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deats v. Commissioner
Docket No. 41523-84.
United States Tax Court
T.C. Memo 1986-220; 1986 Tax Ct. Memo LEXIS 387; 51 T.C.M. (CCH) 1104; T.C.M. (RIA) 86220; June 2, 1986. Marcellus S. Deats, pro se. Albert B. Kerkhove, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code [1] and Rules 180, 181, and 182. Respondent determined a deficiency in petitioner's Federal income *388 tax for the year 1982 in the amount of $5,153, additions to the tax in the amount of $827, under section 6651(a); $258, under section 6653(a)(1); 50 percent of the interest due on $3,308 under section 6653(a)(2); and $276, under section 6654. The issues for decision are: (1) Whether compensation earned by petitioner in 1985 in his capacity as a public employee is taxable; (2) whether petitioner is entitled to certain exemptions; and (3) whether petitioner is liable for additions to tax for delinquency, negligence, and failure to pay estimated tax. In addressing the last issue, we must decide (inter alia) whether a particular Form 1040 constitutes a return. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner and his wife resided in Omaha, Nebraska, at the time the petition herein was filed. During 1982, petitioner was employed by the City of Omaha. For that year, he and his wife filed a Form 1040 in which they set forth their names, address, social security numbers, an election to file a joint return, and a claim of two personal and seven dependency exemptions. Petitioner *389 and his wife dated the form and signed it under penalties of perjury. Gross income of $63.23 in interest was reported. On line 7 ("Wages, salaries, tips, etc."), petitioner entered the figure "0" but attached a Wage & Tax Statement (W-2 Form) showing wages of $22,428.89 paid to him during 1982 by the City of Omaha and another W-2 Form showing wages of $15.18 paid to his wife during that year by a private employer. Petitioner's Form 1040 reported "0" tax liability. Respondent contends that petitioner's wages constitute taxable income. Respondent also contends that the Form 1040 filed by petitioner and his wife does not constitute a return. Accordingly, in determining the deficiency, respondent allowed petitioner only one exemption and used the rates for married individuals filing separately. OPINION Petitioner's contention that his wages are exempt from tax under the Public Salary Tax Act of 1939 is without merit. Although compensation earned by public officers of state and local governments was originally thought to be exempt from Federal income tax, the Supreme Court held to the contrary in 1938. . Shortly thereafter, *390 Congress enacted the Public Salary Tax Act of 1939, 53 Stat. 574. That act provided, inter alia, for the abatement, credit, or refund of income taxes on the compensation of state officers and employees which had been earned prior to 1938. However, the act did not create any prospective exemption from Federal income tax but rather merely preserved the exemption that had existed prior to Helvering v. Gerhardt. See , affd. , cert. denied . We turn now to the issue whether the Form 1040 filed by petitioner and his wife constitutes a return. Admittedly this matter is not free from doubt. However, on balance, we conclude the form constitutes a return. This being the case, it follows that (1) petitioner is entitled to (a) personal exemptions for his wife and himself and (b) joint return rates; and (2) petitioner is not liable for the delinquency addition under section 6651(a)(1) for failure to file a return. Petitioner presented no evidence to establish his entitlement to the seven dependency exemptions which he originally claimed. [2] *391 Accordingly, we sustain respondent's disallowance of those exemptions. Rule 142(a). Petitioner similarly failed to carry his burden of proof as to the negligence addition under section 6653(a)(1) and (2), and we therefore sustain respondent's determination. . Finally, we hold that petitioner is liable for the addition to tax under section 6654 for failure to pay estimated tax. The addition under that section is automatic absent exceptions that petitioner has not shown to be applicable in this case. . We have considered other contentions advanced by petitioner and find them without merit. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner and Mrs. Deats were asked several times whether they had additional information to present but were too preoccupied with their frivolous challenges to the proceedings to present relevant evidence.↩